UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Chrissie LaForge,<br><br>        Plaintiff,<br><br>v.<br><br>Bureau of Prisons, et al,<br><br>        Defendants. | Civil No. 3:25-cv-00337-SVN<br><br><br><br>August 18, 2025 |

**RECOMMENDED RULING RE: SECOND MOTION FOR LEAVE TO PROCEED**
*IN FORMA PAUPERIS*

Plaintiff Chrissie LaForge, proceeding *pro se*, alleges that several officers and other employees of the Bureau of Prisons (the "BOP") violated her rights under the First and Fourth Amendments to the U.S. Constitution while she was imprisoned at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). ECF No. 19, at 2-4. She brings her claims against such officers and employees (the "Defendants") under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). *Id*. at 1.[1]

Plaintiff asks the Court's permission to proceed *in forma pauperis*, without paying the customary $405 filing fee, pursuant to 28 U.S.C. § 1915 ("Section 1915"). ECF Nos. 2, 10. The "purpose" of Section 1915 is to ensure that plaintiffs with cognizable claims "will not be deprived

---

[1] Plaintiff identifies Defendants as Ms. Flowers, Warden; Ms. Herr, Mailroom Staff; Ms. Foicey, Staff; Mr. Missionier, Staff; Ms. Moore, Staff; Mr. Ramos, Staff; Dr. Amundson, Staff; Mr. Clark, Staff; and "Unknown Staff." ECF No. 19, at 2. Plaintiff does not list the BOP itself as a defendant in the Second Amended Complaint. *Id*. Accordingly, I order the Clerk of Court to drop the BOP as a party in this case. *See* Fed. R. Civ. P. 21 (providing that "the court may at any time, on just terms, add or drop a party").

1

of access to the judicial system because of their financial circumstances." *Monti v. McKeon*, 500 F. Supp, 114 (D. Conn 1984), *aff'd*, 788 F. 2d 1 (2d Cir. 1985).  Accordingly, the Court conducts two inquiries when a plaintiff asks to proceed *in forma pauperis*.  First, it reviews the plaintiff's financial affidavit and determines whether she is truly unable to pay the fee.  28 U.S.C. § 1915(a). Second, it "screens" the complaint and dismisses any claims that fail to "meet certain minimum legal requirements."  *Jolley v. Second Jud. Cir. of U.S.*, No. 3:03-cv-1794 (DJS), 2004 WL 1171381, at *1 (D. Conn. May 25, 2004) (citing 28 U.S.C. § 1915(e)(2)(B)).

The Court granted Plaintiff's Second Motion for Leave to Proceed *In Forma Pauperis* on March 27, 2025.  ECF No. 11.  Plaintiff has since filed a Second Amended Complaint, which I have reviewed.  ECF Nos. 19, 21.  For the reasons that follow, I **FIND** that Plaintiff fails to state a claim under *Bivens* and I **RECOMMEND** that the Court **DISMISS** the Second Amended Complaint with prejudice.

**I.  Legal Standard**

Section 1915 requires the Court to dismiss any complaint brought *in forma pauperis* that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it is "based on an indisputably meritless legal theory" or when "it is clear that the defendants are immune from suit."  *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999) (citing *Neitzke v. Williams*, 490 U.S. 319, 325-327 (1989)).  A complaint fails to state a claim on which relief may be granted when it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)) (internal quotation marks omitted).  Courts "accept as true all of the allegations contained in [a]

complaint [except] legal conclusions" when determining whether it is frivolous or fails to state a claim under Section 1915. *Id.* at 555. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Id.* Courts "liberally construe pleadings . . . submitted by *pro se* litigants" by "reading [them] to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citing *Bertin v. U.S*, 478 F.3d 489, 491 (2d Cir. 2007)). However, they "may not fill the gaps of a *pro se* plaintiff's complaint by imagining facts that are not alleged." *Mugabo v. Wagner*, No. 22-CV-930-A, 2024 WL 1621534, at *2 (W.D.N.Y. Apr. 15, 2024) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Courts typically dismiss *pro se* complaints that do not satisfy this standard of review without prejudice, meaning that the plaintiff may file an amendment that addresses the court's concerns and satisfies Section 1915's requirements. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, that is not always the case. The U.S. Court of Appeals for the Second Circuit directs this Court to dismiss *pro se* complaints with prejudice when the Court "can rule out any possibility, however unlikely it might be," that "an amendment will result in a claim being successfully pleaded." *Id*.

**II. Background**

The following allegations are taken from the Second Amended Complaint. ECF No. 19. I accept them as true and construe them to "raise the strongest argument they suggest" for the purpose of my review. *McLeod*, 864 F.3d at 156 (citing *Bertin*, 478 F.3d at 491).

Plaintiff was previously imprisoned at FCI Danbury. ECF No. 19, at 2-4; *see also* ECF No. 19-2. While imprisoned, in February 2023, a "mass strip search" occurred for "no valid reason." ECF No. 19, at 2. Defendants required Plaintiff "to strip completely naked" in view of

"other inmates and staff." *Id*. They also required her to "squat and cough, multiple times" and "remove a sanitary napkin" from her body, even after she explained that she was "menstruating." *Id*. at 2-3. She describes the experience as "humiliating" and "degrading." *Id*.

Plaintiff eventually "filed grievances" concerning the strip search and sought "administrative remedies" from the BOP. *Id*. at 3. "In retaliation," Defendants "began to withhold or delay" her outgoing legal mail, including "time-sensitive [court] filings." *Id*.

Based on these allegations, Plaintiff claims that Defendants violated her rights under the First and Fourth Amendments and seeks an award of damages against Defendants under *Bivens*.[2] *Id*. at 1-4.

### III. Discussion

Congress has never created a specific remedy for damages against federal officials who violate an individual's constitutional rights. *See Cicchiello v. Warden Danbury FCI*, No. 3:24-CV-1240 (VAB), 2025 WL 437305, at *2 (D. Conn. Feb. 7, 2025). Because "'the right of every individual to claim the protection of the laws, whenever [s]he receives an injury,'" is "'the very essence of civil liberty,'" the U.S. Supreme Court ruled in *Bivens* that the Constitution itself provides such a remedy. 403 U.S. at 397 (quoting *Marbury v. Madison*, 1 Cranch 137, 163, (1803)); *see also Id*. at 410-411 (Harlan, J., concurring) (finding that "damages is the only possible remedy" for most constitutional violations: "it is damages or nothing").

---

[2] Plaintiff also seeks a "declaration that her constitutional rights were violated." ECF No. 19, at 4. However, *Bivens* "does not authorize suits against federal officials," like Defendants, "for injunctive or declaratory relief." *Sabir v. Williams*, No. 3:17-CV-749 (VAB), 2017 WL 6514694, at *1 (D. Conn. Dec. 19, 2017); *see also Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir.2007) (holding that "the only remedy available in a *Bivens* Action is an award for monetary damages from the defendants in their individual capacities") (citing *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir.1998)). Accordingly, I recommend that the Court dismiss Plaintiff's claim for declaratory relief with prejudice.

To state a claim for damages under *Bivens*, a plaintiff must plausibly allege that she was "deprived of a constitutional right by a federal agent acting under color of federal authority." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 402 U.S. at 389). However, not all constitutional violations give rise to a *Bivens* action. The Supreme Court recognizes only three: a "Fourth Amendment search and seizure" violation by "federal narcotics officers," a "Fifth Amendment due process" violation by a "congressman" accused of "gender discrimination," and an "Eighth Amendment cruel and unusual punishment" violation by "federal jailers" accused of failing to provide "adequate medical treatment." *Cicchiello*, 2025 WL 437305, at *2 (citing *Bivens*, 402 U.S. 338 (1971); *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). For over forty years, the Supreme Court has "'consistently rebuffed requests'" to recognize additional contexts giving rise to a *Bivens* action. *Id*. (quoting *Hernández v. Mesa*, 589 U.S. 93, 102 (2020)). It even indicated, "more recently," that it "would decline to discover *any* implied causes of action in the Constitution" if it was "called to decide *Bivens* today." *Egbert v. Boule*, 596 U.S. 482, 502, (2022) (emphasis added).

Consequently, this Court conducts a "restrictive" two-step inquiry to decide if a case may proceed under *Bivens*. *Diaz Cruz v. United States*, No. 20-CV-891 (EK) (SJB), 2023 WL 2574756, at *3 (E.D.N.Y. Mar. 20, 2023). First, it determines whether the context is "meaningfully different" from the three cases—*Bivens*, *Passman*, and *Carlson*—in which the Supreme Court recognized a *Bivens* action. *Cicchiello*, 2025 WL 437305, at *2 (citing *Egbert*, 596 U.S. at 492). A case may present a different context "'because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory [authority] or other legal mandate under which the officer was operating; [or] the risk of

5

disruptive intrusion by the Judiciary into the functioning of [the Legislative or Executive] branches.'" *Id*. (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139-140 (2017)).

Second, if the case indeed presents a different context, the Court determines whether there are "'special factors indicating that the Judiciary is . . . less equipped than Congress'" or the President to provide a remedy for the underlying constitutional violations. *Id*. (quoting *Ziglar,* 582 U.S. at 136-137). If "Congress has created any alternative, existing process for protecting" against such constitutional violations, "that itself may amount to a convincing reason" for the Court to refrain from extending *Bivens*. *Id*. (internal quotation marks omitted). Ultimately, "'if there is any reason to think that Congress might be better equipped to create a damages remedy,'" then the Court must refrain from extending *Bivens*. *Id*. (quoting *Egbert*, 596 U.S. at 492-493); *see also Ziglar*, 582 U.S. at 135 (explaining that extending *Bivens* "is now a disfavored judicial activity").

Although it is still legally possible to state a claim for damages under *Bivens*, the two-step inquiry "closes the door to *Bivens* suits" for most people. *Egbert,* 596 U.S. at 505 (Sotomayor, J., concurring in part and dissenting in part); *see, e.g., Edwards v. Gizzi,* 107 F.4th 81, 89-91 (2d Cir. 2024) (Parker, J., dissenting) (acknowledging that courts in the Second Circuit "refrain from expanding the *Bivens* line of cases" because "the Supreme Court continues to express serious doubts about *Bivens*' future"); *Berenson v. Biden*, No. 23-CV-3048 (JGLC), 2025 WL 1928094, at *16 (S.D.N.Y. July 14, 2025) (finding that the two-step inquiry is an "incredibly high bar" precluding "all cases except, perhaps, those involving Fourth, Fifth, and Eighth Amendment claims factually indistinguishable from *Bivens*, *Passman*, or *Carlson*") (internal citation and quotation marks omitted); *Karman v. U.S. Customs and Border Prot*., No. 8:23-CV-345 (LEK/CFH), 2023 WL 5806313, at *3-*4 (N.D.N.Y. Sept. 7, 2023) (acknowledging that courts in the Second Circuit are "reluctant to extend *Bivens* liability to any new context or new category of

6

defendants" because "[*Bivens*] actions are disfavored" by the Supreme Court) (internal citation and quotation marks omitted); *Diaz Cruz v. United States*, No. 20-CV-891 (EK) (SJB), 2023 WL 2574756, at *2-*3 (E.D.N.Y. Mar. 20, 2023) (finding that "the bar for concluding that a claim falls outside the existing *Bivens* contexts is low" under the two-step inquiry). This includes people, like Plaintiff, who are subjected to allegedly unconstitutional strip searches and mail delays by BOP employees while imprisoned. *See, e.g., Cicchiello*, 2025 WL 437305, at *4-*6.

### A. Plaintiff's First Amendment *Bivens* Claim

Plaintiff alleges that Defendants violated her First Amendment rights by withholding and delaying her outgoing legal mail, including "time-sensitive [court] filings." ECF No. 19, at 3.

The First Amendment guarantees a prisoner's "access to the courts." *Hill v. Tatum*, No. 1:17-CV-04070 (ALC), 2025 WL 918863, at *6 (S.D.N.Y. Mar. 26, 2025) (internal citation and quotation marks omitted).[3] However, the Supreme Court has generally "declined to extend *Bivens* to a claim sounding in the First Amendment." *Iqbal*, 556 U.S. at 675 (citing *Bush v. Lucas*, 462 U.S. 367 (1983)); *see also Egbert*, 596 U.S. at 499 (finding that doing so would "pose an acute risk" that the "fear of personal monetary liability and harassing litigation will unduly inhibit [federal] officials in the discharge of their duties"). And this Court has specifically "declined to extend *Bivens* . . . to either a mail interference or access to the Courts claim." *Cicchiello*, 2025 WL 437305, at *5. I therefore recommend that the Court dismiss Plaintiff's First Amendment *Bivens* claim with prejudice. *Id*. (concluding that claims of "First Amendment retaliation" and "First Amendment interference with mail and court access . . . present new *Bivens* contexts" that are "not cognizable").

---

[3] This right is also "grounded" in Article IV's Privileges and Immunities Clause and the Fifth Amendment's Due Process Clause. *Hill*, 2025 WL 918863, at *6 (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (collecting cases)).

### B. Plaintiff's Fourth Amendment *Bivens* Claim

Plaintiff alleges that Defendants violated her Fourth Amendment rights by subjecting her to a "degrading" and "humiliating" strip search for "no valid reason." ECF No. 19. at 2-3.

Under the Fourth Amendment, prisoners "retain a limited right to bodily autonomy under the Fourth Amendment," such that "prison officials [need] sufficient justification" to strip search them. *Cicchiello*, 2025 WL 437305, at *4 (citing *Bell v. Wolfish*, 441 U.S. 520, 558 (1979); *Harris v. Miller*, 818 F.3d 49, 58 n. 2 (2d Cir. 2016)) (internal quotation marks omitted). However, in *Cicchiello*, this Court declined to extend *Bivens* to Fourth Amendment claims arising out of allegedly unjustifiable strip searches by BOP employees. *Id*. at *4. It found that the context of such claims is "meaningfully different" from *Carlson* and the other cases in which the Supreme Court recognized a *Bivens* action *Id*. And it found that "the legislative and executive branches" are better equipped at creating remedies relating to "prison administration." *Id*. (citing the BOP's Administrative Remedy Program as an "alternative remedial structure" that "did not exist at the time *Carlson* was decided") (internal citations and quotation marks omitted). I agree with the reasoning of *Cicchiell*o, and I therefore recommend that the Court dismiss Plaintiff's Fourth Amendment *Bivens* claim with prejudice. *Id*. (doing the same); *see also Ojo v. United States,* No. 16-CV-4112 (MKB) (LB), 2019 WL 3852391, at *12 (E.D.N.Y. Aug. 15, 2019), *report and recommendation adopted,* No. 16-CV-4112 (MKB) (LB), 2019 WL 4602823 (E.D.N.Y. Sept. 23, 2019) (declining to extend *Bivens* to a prisoner's Fourth Amendment claim arising out of a strip search "in view of [both] male and female officers").[4]

---

[4] To the extent that Plaintiff's allegations of "degrading" and "humiliating" treatment at FCI Danbury can be construed as an Eighth Amendment *Bivens* claim, *see* ECF No. 19, at 2-3, I recommend that the Court dismiss such claim with prejudice, *see Cicchiello*, 2025 WL 437305, at *5 (finding that, under the Supreme Court's two-part inquiry, "the existing alternative

## IV. Conclusion

For these reasons, I **FIND** that Plaintiff fails to state a claim under *Bivens* and I **RECOMMEND** that the Court **DISMISS** the Second Amended Complaint with prejudice.

This is a recommended ruling by a U.S. Magistrate Judge, to which Plaintiff may object under Rule 72 of the Federal Rules of Civil Procedure and Rule 72 of the Local Rules of Civil Procedure for the District of Connecticut. Plaintiff must file any such objection by **September 8, 2025**. *See* Fed. R. Civ. P. 72(b)(2) (establishing that objections to recommended rulings must be filed within fourteen days); D. Conn. L. Civ. R. 72.2(a) (adding five days for parties who receive notice of recommended rulings by mail). If Plaintiff fails to file a timely objection, she may not thereafter assign as error a defect in my recommendation, *see* D. Conn. L. Civ. R. 72.2(a), or seek appellate review, *see Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge

---

remedies of the BOP Administrative Remedy Programs" regarding a prisoner's conditions of confinement "precludes this Court from extending a *Bivens* remedy" to such a claim).